## FRANK A. MUNROE AND OTHERS, SUPERVISORS OF ELECTIONS, *vs.* GEORGE WELLS, CLERK, ETC.

*Elections and Voters—Vacancy in Office of Supervisor of Election—Repeal of Election Law—Order of House of Delegates for Special Election When No Machinery Exists for Enforcing the Same.*

The Act of 1896, ch. 202, repealing the existing election laws and providing a new system, went into effect on April 2, 1896. By that act supervisors of election previously appointed held office as if appointed thereunder, but by Art. 2, sec. 13, of the Constitution, these supervisors could not enter upon their duties until May 1st. The House of Delegates ordered a special election to be held on April 21st for the office of Clerk of the Circuit Court for Anne Arundel County. On April 8th the Governor appointed the appellants supervisors of elections for that county to fill a supposed vacancy—the former supervisors having been legislated out of office by the Act of 1896, and the new supervisors not coming into office until May 1st, after the date fixed for the election so ordered. *Held,*

1st. That there was no vacancy in the office of supervisor which the Governor was authorized to fill under the former law, for that was not in existence at the time of the appointment, and there was no vacancy under the Act of 1896, since officers had been appointed under it, although their term could not begin until May 1st.

2nd. That the special election ordered by the House of Delegates could not be held under the Act of 1896, since the registration therein provided for was not to be made until after the date of the election, nor could the same be held under the former law, since its repeal rendered it as inoperative as if it had never existed, and the registry lists, &c., prepared under it could not be used.

3rd. That the order of the House of Delegates, although in accordance with the Constitution, was not self-executing, but required affirmative legislation in order to be carried out, since the special election could not be held without registration, supervisors, judges, or ballot-boxes provided for by a statute in force.

Appeal from an order of the Circuit Court for Anne Arundel County (REVELL, J.), dismissing appellants' petition for a *mandamus.*

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*James M. Munroe*, for the appellants.

The old Board of Supervisors of Elections ceased to have any legal existence on the 2nd day of April, 1896, by operation of chapter 202 of the Acts of 1896, because one of their number, George T. Warfield, had resigned, and the other two, Shipley and Arnold, had been legislated out of office. *Mechem on Public Officers*, sec. 408 ; *State* v. *Harris* (N. Dak. 1890), 45 N. W. Rep. 1101–2 ; *State* v. *Covington*, 29 Ohio St. 102 ; *People* v. *Brown*, 83 Ill. 95 ; *In re Senate Resolution*, 12 Col. 340.

The whole question in this case turns upon the fact that there was a vacancy in the office of supervisors of elections in Anne Arundel County, which the Governor had a right to fill. If there was no vacancy the appointment of the appellants by the Governor was void, and all their acts are void, and the judgment of the Court below must be affirmed. If there was a vacancy the action of the Governor was proper, the appellants are the Board of Supervisors of Elections of Anne Arundel County, with full authority to act, and the judgment of the Court below must be reversed and the *mandamus* prayed for granted. The Acts of 1896, chapter 202, in its second section (last but one), provides that if the Governor has already appointed supervisors of elections under the old law, and said appointments had been confirmed by the Senate, that such appointments should stand and the supervisors thus appointed should qualify and act in the same manner as if they had been appointed under the provisions of said chapter 202 of 1896, but under the provisions of Article 13, section 2, of the Constitution, such supervisors could not take office until the 1st day of May, 1896.

We are thus confronted with this state of the case : The House of Delegates of 1896 has ordered special elections to be held in Calvert County and in Anne Arundel County

before the 1st day of May, 1896. This same House of Delegates, together with the Senate, has passed a new election law, legislating out of office old supervisors of election. And it is sought to give to the law and to the Constitution of the State, such a construction as would nullify the mandate of the Legislature passed pursuant to the constitutional provisions requiring special elections in such cases. Section 4 of Article 33 of the Code, entitled "Elections," as amended and re-enacted by chapter 202 of the Acts of 1896, expressly provides that "in case of any vacancy in the number of supervisors of elections occurring when the Legislature is not in session, the Governor shall appoint some eligible person to fill such vacancy during the remainder of the term of office of the person originally appointed." Section 13 of said Article 33, as amended by said chapter 202, provides "that the Board of Supervisors of Elections shall have charge of and make provision for all elections, &c. Sec. 34 provides that there shall not be a revision of the registry before any special election.

Section 11 of Article 2 of the Constitution provides, "In case of any vacancy during the recess of the Senate in any office which the Governor has power to fill, he shall appoint some suitable person to said office, whose commission shall continue in force until the end of the next session of the Legislature, or until some other person is appointed to the said office, whichever shall first occur." This provision of the Constitution, read in connection with the second section (last but one) of said chapter 202 of the Acts of 1896, covers the case exactly, and enables the appellants to fill in the interregnum between April 2nd, when the new election law was approved, and May 1st, when the supervisors of elections appointed by the Governor and confirmed by the Senate go into office. There was a vacancy in the office of supervisors of elections caused by the enactment of chapter 202 of the Acts of 1896. The act had that effect because it swept out of existence the law under which the old supervisors held office, and because it provided for an entirely

different method of appointment of new supervisors of elections. This vacancy occurred during the recess of the Senate, to-wit, on the 2nd day of April, 1896, the Senate having adjourned *sine die* on the 31st day of March, 1896. The vacancy occurred in an office which the Governor had the power to fill, and it was, therefore, his duty to fill that vacancy by appointment under the provisions of the Act of 1896 and the Constitution.

Why should it be said that the provisions of the Act of 1896 apply only to a vacancy occurring in office which had been first filled by the Governor under the provisions of that act? To construe the law that way is to defeat the man-date of the Legislature and to undo the provisions of the Constitution. The law is certainly entitled to the construction which will make it effective to carry out the will of the Legislature and the constitutional provision. And, therefore, it is respectfully submitted that it is the duty of the Court to so construe the law as to give effect, if possible, to the provisions of the Constitution and the mandate of the Legislature.

*John P. Poe* and *Robert Moss* (with whom was *James W. Owens* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

This appeal presents a question growing out of the repeal of Article 33 of the Code, title " Elections," and the re-enactment of said Article with amendments.

At the November election of 1895 George Wells and Washington G. Tuck were candidates for the office of Clerk of the Circuit Court of Anne Arundel County. Wells was declared elected, was commissioned, took possession of the office, the duties of which he has since performed. His election was contested by Tuck before the House of Delegates, which declared that Wells had not been duly elected, and thereupon ordered a new election to be held on the twenty-first of last April. The Act of 1896, ch. 202, re-

pealing Article 33 of the Code, took effect from the day of its passage, namely, the 2nd day of April. On the eighth of April the appellants were appointed by the Governor to be supervisors of elections of Anne Arundel County upon the theory that the provisions of the Code relating to elections and registration, having been repealed by chapter 202, the supervisors who had been acting thereunder, had been legislated out of office and that, therefore, a vacancy existed which it was the duty of the Governor to fill. It appears, however, that just before the passage of the Act of 1896 the Governor had appointed these very appellants as supervisors for Anne Arundel County, under the then existing law, and it is provided by the second section of that Act that although so appointed before its passage, yet they should hold, and their appointments so made should to all intents and purposes be as if made under the said Act of 1896, by which their duties, term of office and mode of appointment are prescribed. But under the provision of the Constitution, section 13, Art. 2, the appellants, as supervisors of election under the Act of 1896, could not enter upon the discharge of their duties until the first day of May, which was after the time fixed for the special election ordered to be held by the House of Delegates. It was, therefore, to fill a supposed vacancy between the second of April when the old law was repealed, and the first Monday of May, when the officers under the new law could enter upon their duties, that the appellants were, as we have said, again appointed by the Governor on the eighth of April.

At the hearing of this case counsel for both parties united in a request that because of the public importance of the issue involved we would as soon as possible announce our conclusions upon the questions involved. This we did immediately after the argument, and we will now briefly state the grounds upon which that conclusion is based.

The controlling question is whether there were such a vacancy when the appellants were appointed by the Governor on the eighth day of April, as under the Constitution

and laws of the State he was authorized to fill. If there was such a vacancy it must have been a vacancy in the office under the previous law or under the Act of 1896. It seems obvious there was no vacancy under the former, for it is conceded it was swept out of existence by the present law by which an entirely different method of appointment was provided. This being so, it follows that the previous law from the second of April when it was, repealed became absolutely inoperative for any purpose whatever. *Wade's case*, 43 Md. 178; *Dashiell's case*, 45 Md. 615. Hence the offices under the previous law have no existence after the second of April, and of necessity there could be no vacancy in them. Was there a vacancy under the Act of 1896? Confessedly not, for, as we have seen, the Governor had already appointed these appellants, and by section two of the Act of 1896, they were holding under it.

It was urged, however, with much earnestness, that inasmuch as the House of Delegates had ordered a special election to be held on the 21st day of April, unless we should hold that the appellants could act, the mandates of the House could not be obeyed. But it is for the Legislature and not the judiciary to provide means for executing the order of the House, and having failed to do this, the order not being self-executing, although in accordance with the provisions of the Constitution, the special election cannot be held (*Groome* v. *Gwinn*, 43 Md. 572), in the absence of affirmative legislation for that purpose. But in answer to this view it was argued that the special election could be held under the Act of 1896, notwithstanding the admission that by the terms of the Constitution the appellants cannot qualify or perform any duties under that Act until the first Monday of May. It seems, however, too clear for controversy, that the Act of 1896 makes no provision whatever for holding the special election on the 21 April. This is apparent from the consideration that after its passage a new and general registration was to be had by and under which all elections were thereafter to be held, and by which the right to

vote was to be determined.   But it was not contemplated
that the registration under the Act of 1896 was to
be had until long after the time fixed for holding the special
election, and therefore it was not supposed, nor is it now
claimed that the registration lists to be made under this Act
could have possibly been available at that election.   The
prayer of the petition of the appellants is that the appellee
be required to deliver to them the registry books of the
qualified voters of Anne Arundel County, &c., as well as
the ballot boxes, and the allegation is that without these the
said election could not be held.   But as we have held in
the case of *Mcloy* v. *Scott et al., ante, 375,* decided at this
term, the effect of the repeal of the previous registration law
by the Act of 1896, ch. 202, and the adoption by the latter
of new methods for holding elections and for registration of
voters, was to nullify the former law, and make it as inop-
erative and void as though it had never been in existence,
it follows that the lists and ballot boxes prepared for use
under and according to the provisions of the old law, cannot
be available under the repealing law, unless the latter makes
some provision for such a contingency.   There being no
such provision in the Act of 1896, the special election can-
not be held, unless, as suggested, such election can be held
without any registration.

The contention is that if an election has been duly ordered,
and there has been a failure to provide for registration of
voters to be had before such election is to be held, the elec-
tion must proceed without registration.   But the difficulty,
as we have already pointed out, is that the officers, judges
of election included, under the old law can no longer act,
and there is no power given, even if the supervisors could
otherwise act, to appoint judges of election under the new
law until long after the special election is to be held.   Un-
less, therefore, such election could be held without judges,
without registration lists or ballot-boxes, except such as
may be agreed upon by the voters, it cannot be held at all.
It is enough to say that such an election has never been

known to the Constitution and laws of this State, either before or since the passage of the first registration law.

*Order affirmed.*

(Decided April 16th, 1896, *per curiam* and this opinion was filed on June 18th, 1896.)