Argued July 25, decided July 29, 1913.

# EQUI *v.* OLCOTT.

(133 Pac. 775.)

**Statutes—Initiative—Authority to Submit.**

1. Article IV, Section 1, of the Constitution, after reserving to the people the right of the initiative, provides, among other things, that petitions therefor shall be filed with the Secretary of State, and, in submitting the same to the people, he and all other officers shall be guided by the general laws until legislation shall be specially provided therefor. Act of February 28, 1913 (Laws 1913, p. 620), provides for a special election on the first Tuesday after the first Monday in November, at which time measures passed by the twenty-seventh legislative assembly upon which the referendum may be invoked shall be submitted to the people. *Held,* that as the special act of February 28, 1913, contained no allusion to initiative measures, it does not apply to the initiative, and the Secretary of State is not authorized to submit an initiative measure in the election provided for by that act, but was governed by the general laws, as provided by the Constitution.

**Elections—Holding Elections—Authority.**

2. Unless there is authority of law for an election, it cannot be held.

**Mandamus—Writ—Conclusions.**

3. Where *mandamus* is sought to compel the Secretary of State to file a petition for the initiative, and all that appeared in the writ as to whether the petition complied with the law was, "Which said initiative petition and measure is alleged to be in form in substantial compliance with the provisions of the Constitution and laws of Oregon, governing initiative petitions and the filing thereof, and voting on measures included therein," as this was but a conclusion, it was not sufficient to show that the petition was in such form as to require the Secretary of State to file the same.

Original petition for *mandamus.*

This is an original proceeding for *mandamus* by Marie D. Equi and Mrs. J. R. Oatman against Ben W. Olcott, as Secretary of State, to compel the filing of an initiative petition and its submission to the people. The facts are fully set forth in the opinion.

Demurrer Sustained.

For the plaintiff there was a brief and an oral argument by *Mr. W. S. U'Ren.*

For the defendant there was a brief and an oral argument by *Mr. Andrew M. Crawford,* Attorney General.

MR. JUSTICE BURNETT delivered the opinion of the court.

1. By the act of February 28, 1913 (Laws 1913, p. 620), the legislative assembly passed a law, providing that: "There shall be held a special election in the several voting precincts of this state on the first Tuesday after the first Monday in November, 1913. All measures passed by the twenty-seventh legislative assembly of the State of Oregon upon which the referendum may be invoked shall be submitted to the people for their approval or rejection at such special election." The plaintiffs have sued out of this court an original alternative writ of *mandamus,* requiring the defendant, as Secretary of State, to forthwith receive and file in his office an initiative petition, therein described, for a "Woman Wageworker's Eight-hour Law," and commanding him to submit the proposed law to the legal voters of the State of Oregon for their approval or rejection at the special election above mentioned, or show cause to the contrary. The defendant has demurred generally to the writ.

Two questions are involved. The principal one pressed upon our attention is whether or not the proposed law shall be submitted to the electorate at the special election mentioned. The other is whether or not the secretary shall be compelled to file the petition on the showing made in the writ.

Affecting the first question, Article IV, Section 1, of the Oregon Constitution says that:

"The legislative authority of the state shall be vested in a legislative assembly, consisting of a Senate and House of Representatives, but the people reserve to themselves power to propose laws and amendments to the Constitution and to enact or reject the same at the polls, independent of the legislative assembly. * * The first power reserved by the people is the initiative, and not more than 8 per cent of the legal voters shall be required to propose any measure by such petition, and every such petition shall include the full text of the measure so proposed. Initiative petitions shall be filed with the Secretary of State not less than four months before the election at which they are to be voted upon. * * Petitions and orders for the initiative and for the referendum shall be filed with the Secretary of State, and, in submitting the same to the people, he and all other officers shall be guided by the general laws and the act submitting this amendment, until legislation shall be especially provided therefor."

2. Legislation other than the act of February 28, 1913, has been provided by general laws for the guidance of public officers in relation to the initiative process, and these laws have been in operation for a number of years. The act authorizing a special election to be held in November, 1913, mentioned above, does not contain any allusion to initiative measures. It does not purport to repeal or amend any previous legislation on the subject of the initiative. It is manifest that the Secretary of State, as directed by the people in its Constitution already quoted, must be guided by the general laws on the subject involved. In the face of this mandate of the people, that officer cannot find any justification in the special act mentioned authorizing him to submit any initiative measure to the people during the present year. It is well settled that unless there is authority of law for an election it

cannot be held: *State ex rel.* v. *Simon,* 20 Or. 365 (26 Pac. 170); *Andrews* v. *Neil,* 61 Or. 471 (120 Pac. 383, 123 Pac. 32). Of course under the sanction of the initiative and referendum system the people have a right to legislate independent of the legislative assembly, except as they themselves by their own Constitution have set metes and bounds upon this reserved power. The fallacy of the plaintiffs' position lies in the assumption that the fraction of 8 per cent of the voters said to have signed the initiative petition has the right to order the submission of their measure to the people at large at a special election called under a statute which makes no mention of initiative measures. It would be but a step further for the 8 per cent minority to assert that it could call an election at such time as it might choose, irrespective of the statutory and constitutional provisions on that subject. Indeed, the people have reserved to themselves the power to make laws independent of the legislative assembly; but they have annexed to this reservation of power such directions to their Secretary of State and other officers as will prevent in some measure the too frequent use of the initiative process. In short, as plainly declared by the people in the Constitution "the Secretary of State shall be guided by the general laws" in matters of this kind. He cannot rightfully enlarge the provisions of the special act of February 28, 1913, to include matters not therein specified, and this court has no power to direct him so to do, or to violate the express mandate of the people embodied in the Constitution, requiring him to operate under the general laws.

3. Upon the second question we note that Section 3472, L. O. L., as amended by Chapter 359 of the Laws of 1913, prescribes many conditions which must be observed in preparing a petition for the initiative.

Among the details specified are the following: Every sheet of petitioners' signatures shall be attached to a full and correct copy of the measure so proposed by initiative petition; not more than 20 signatures on one sheet shall be counted; all petitions for the initiative and sheets for signatures shall be printed on a good quality of bond or ledger paper on pages 8½ inches in width by 13 inches in length, with a margin of 1¾ inches at the top of binding. Whether or not the petition in question complied with these and other specifications of the law does not appear in the writ. All that is said upon that subject is this: "Which said initiative petition and measure is alleged to be in form in substantial compliance with the provisions of the Constitution and laws of Oregon, governing initiative petitions and the filing thereof, and voting on measures included therein." This is a mere conclusion of law and states no fact by which the court can determine whether or not the petition was in such form as to require the Secretary of State to file the same. If the initiative petition did, in fact, comply with the requirements of the law on that subject, was signed by the proper number of legal voters, and the facts were well stated in the writ, we might properly overrule the demurrer so far as to require the defendant to file the petition. But it is clear that in no event can the court rightly compel him to submit the measure to the people at a special election called for an entirely different purpose.

The demurrer must therefore be sustained.

DEMURRER SUSTAINED.