Argued March 30, judgment for defendants April 2, 1915.

## STATE ON INF. HEDGES *v.* ANDRESEN.

(147 Pac. 526.)

**Municipal Corporations—Charter Amendment—Adoption of Resolution.**

1. Under an ordinance passed to carry out the initiative and referendum powers reserved to voters of municipalities by Article IV, Section 1a, of the Constitution and Article XI, Section 2, of the Constitution, providing that an amendment to the charter might be proposed and submitted to vote by resolution of the council filed with the recorder at least 21 days before the election thereon, a resolution to submit a charter amendment, adopted on February 8th, and filed and published "to come up for second reading and final passage" on February 19th, was filed within the 21 days before the special election set for March 3d, as from the day of filing all interested persons had an opportunity to consider the details of the amendment, which was the purpose of the ordinance.

**Municipal Corporations—Election—Resolution.**

2. Section 3481, L. O. L., part of the act on direct legislative elections, by its terms applying only to the operation of the initiative and referendum in cities as to matters not conflicting with existing municipal legislation, providing that no resolution shall be effective until 30 days after its passage by the council or 30 days after its passage over the mayor's veto, did not govern a proceeding to amend a city charter, under the authority of the Constitution, as to the exercise of powers thereby conferred; but the ordinance provisions governed such proceeding, and thereunder a resolution for a vote upon a charter amendment was effective immediately upon its adoption by the council.

**Municipal Corporations—Amendment to Charter—Election—Sufficiency of Ballot.**

3. Under an ordinance providing that charter amendments submitted by the city council without initiative petitions shall be designated on the ballot "Charter Amendments Submitted to the Voters by the City Council," a ballot for a special city election to vote solely

upon a bill for an act to amend the city charter by providing for a water supply, to issue bonds therefor, and to create a construction commission, not containing the prescribed designation, was sufficient, as it informed the voters so that they could intelligently express their will; mere irregularities in the form of a ballot, nor preventing a full and free expression of the will of the electors, being immaterial, and not vitiating the election.

Municipal Corporations—Powers—Construction of Waterworks.

4. The construction of waterworks is peculiarly a local matter, within the authority of a municipality to make suitable provision therefor.

*Mandamus* proceeding in Supreme Court.

In Banc.   Statement by MR. JUSTICE BEAN.

This is an original proceeding in the nature of quo-*warranto* by the state, on the information of Gilbert L. Hedges, district attorney for Clackamas County, Oregon, against William Andresen, M. D. Latourette, W. A. Long, B. T. McBain and L. L. Porter.

JUDGMENT FOR DEFENDANTS.

*Mr. Gilbert L. Hedges,* for the plaintiff.

*Mr. Christian Schuebel* and *Mr. Livy Stipp,* for the defendants.

MR. JUSTICE BEAN delivered the opinion of the court.

The authority for a municipal corporation to amend its charter and to adopt local or special legislation is conferred by the fundamental law of the state. Section 1a of Article IV of the Constitution ordains in part:

"The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except

that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. * * "

Section 2 of Article XI of the same instrument provides that:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon. * * "

To facilitate the execution of the power conferred by the sections of the Constitution referred to, the council of Oregon City on March 16, 1914, passed Ordinance No. 682 entitled:

"An ordinance to provide the carrying into effect in the City of Oregon City, Clackamas County, Oregon, the initiative and referendum powers reserved to the legal voters of municipalities by Section 1a of Article IV of the Constitution of the State of Oregon, and to enact and amend their municipal charters reserved to the legal voters of cities and towns by Section 2 of Article XI of the Constitution of the State of Oregon, and providing penalty for violation of this act, and repealing all ordinances and parts of ordinances in conflict herewith and declaring an emergency."

Section 8 of the ordinance is as follows:

"An amendment to the charter of Oregon City may be proposed and submitted to the legal voters thereof by resolution of ordinance by the city council without an initiative petition. Said resolution or ordinance shall be filed with the recorder for submission at least twenty-one (21) days before the election at which it is to be voted upon, and no amendment to the charter shall be effective until it is approved by a majority of the votes cast thereon by the legal voters of said municipality."

Section 11 directs:

"Where a special election is called either on petition for proposed ordinances or charter amendments by the initiative or for submitting ordinances by the referendum, * * the recorder shall publish such * * with the ballot title and number in full in some newspaper of Oregon City once or oftener at least ten (10) days immediately preceding the special election at which said proposed ordinance, referendum measure or charter amendment is to be voted on, or by posting printed or typewritten copies of such measures in at least two conspicuous places in said city for a like period of not less than ten (10) days. * * "

An affirmative majority of the total number of legal votes cast on a measure is required to adopt the same.

The cause was submitted upon the record which shows in substance the following:

Oregon City is a municipal corporation organized and existing by virtue of the laws and Constitution of the State of Oregon and situated in Clackamas County. On February 8, 1915, the city council "read, adopted, ordered, filed and published, and to come up for second reading and final passage at a special meeting of the city council to be held on the 19th day of February, 1915, at 7:30 o'clock P. M., the following resolution," which we quote in part:

"Be it resolved by the common council of the City of Oregon City, Clackamas County, State of Oregon: That the following proposed amendments to the charter of said city be and the same are hereby proposed for submission to the legal voters at a special election to be held as in this resolution provided:

" 'Charter Amendments.

" 'Submitted to the Voters by the Council.

" 'Be it enacted by the people of Oregon City and Oregon City does ordain as follows:

" 'Chapter ——.

" 'Sec. ——. The power and authority given to Oregon City by Section 131, Chapter XIII, of the charter, to construct or purchase waterworks and to issue and dispose of bonds therefor, shall be exercised as hereinafter provided by the following named persons, to wit: William Andresen (who shall act as chairman of the commission), W. A. Long, M. D. Latourette, B. T. McBain and L. L. Porter, and their successors in office, who shall be styled collectively "South Fork Water Commission" and are hereinafter mentioned and referred to as "The Commission." Each of the aforesaid individuals (or their successors) shall give a bond in the sum of $10,000 for the faithful performance of all duties imposed upon them by this act.' "

Then follow several sections specifying the duties of the commission and the manner of their qualifying and acquiring a system of waterworks. The commission is authorized to appoint a secretary and treasurer, fix their compensation, and in order to carry the act into effect to issue and sell bonds of the city in a sum not to exceed $375,000, par value in amount, for the purpose of providing funds for acquiring, constructing, and maintaining a system of waterworks, specifying the denomination, rate of interest, and dates of maturity of the different classes of bonds, which are to be signed by the mayor and city recorder. A further resolution designated the date for holding said special election, to wit, March 3, 1915, and the polling places for the same. The recorder was thereby instructed to give notice of such election for the time and in the manner required by law. The resolution was indorsed and filed by the city recorder February 8, 1915. On the same date the city attorney filed with the city recorder the ballot title which appears upon the ballot hereinafter mentioned. The resolution containing the proposed amendment to

the charter was published in a newspaper of general circulation in the city on February 9, 1915. On February 20, 1915, the recorder published a notice of the special election, giving therein the location of the polling places and the names of the chairman, judges and clerks of election selected by the city council. He also posted printed and typewritten copies of the proposed amendment, with the ballot title and number in full, in two conspicuous places in said city, and the same remained thereat until and during the day of election. On February 21st the recorder also published the proposed charter amendment with the ballot title and number in full in a newspaper of Oregon City once, proof of all of which was duly made and filed. Thereafter the recorder caused to be prepared official ballots as by charter provided, which were distributed at the regular polling places for use at the special election, the ballots being in the following form:

| Stub<br>To be torn off by<br>Chairman | Stub<br>To be torn off by<br>First Clerk |
|---|---|

Official Ballot
For Oregon City, Ward No. 1, Clackamas County, Oregon.
Special City Election, March 3d, 1915.

---

Mark a cross X between the Number and Answer Voted for

---

A Bill for an Act to Amend the Charter of Oregon City, Oregon, by providing for furnishing Oregon City with water from the South Fork of the Clackamas River, and to issue bonds not to exceed $375,000.00 in amount for that purpose and to take up the outstanding water warrants of Oregon City, to create

a commission consisting of William Andresen, as Chairman, M. D. Latourette, W. A. Long, L. L. Porter and B. T. McBain, to have charge of the construction of the pipe line and headworks.

Vote Yes or No.

| | |
|---|---|
| 100 YES. | |
| 101 NO. | |

The ballot did not contain the words ''Charter Amendment Submitted to the Voters by the City Council.'' The election was held on March 3, 1915. The votes were duly returned and canvassed, resulting in the adoption of the proposed amendment to the charter of Oregon City; the vote being as follows:

> "100   Yes   1276
> "101   No    170."

The mayor and recorder proclaimed and published the result, to the effect that the amendment to the charter was declared to be duly adopted. We are to determine whether the provisions of the Constitution and laws for the execution of the same were observed in the calling and holding of the special election, the adopting of the charter amendment empowering the defendants to act as water commissioners, and authorizing the issuance of bonds of the city in the sum of $375,000.

1. It is first asserted on the part of plaintiff that the resolution for the submission of the charter provisions was not adopted and filed with the recorder by the council for submission 21 days before the special election provided for therein as prescribed by Section 8 of Ordinance No. 682. The record affirmatively shows a compliance with the municipal law referred to, inasmuch as the resolution was on February 8th read the first time,

adopted and ordered by the city council to be filed by the recorder and published. The provision made when the resolution was adopted for the same ''to come up for second reading and final passage'' on February 19th was simply paving the way for reconsideration of the matter in case there should be influential objections made after the same was published. It was not absolutely essential that the resolution should be adopted more than once. We are of the opinion that the proceedings were initiated, and that the requirements of Section 8 of Ordinance No. 682 were fulfilled, by adopting and filing the resolution, including the proposed law, with the recorder for submission to the people. From that time on all interested persons had an opportunity to consider the details thereof, which was the obvious purpose of the municipal enactment. There were 23 days between the date of the adoption of the resolution and the election, which was a strict compliance with the directory ordinance.

2. It is also urged as an objection to the resolution that under the provisions of Section 3481, L. O. L., it did not become effective until 30 days thereafter. The section of the Code referred to does not govern in this instance. The act of which that section is a part provides that the same shall apply only to the operation of the initiative and referendum in cities and towns as to matters not conflicting with existing municipal legislation on the subject. The provision having been made by the municipality under the authority of the Constitution for the execution of the powers thereby conferred, city Ordinance No. 682, and not the statute, would govern the proceedings for the amendment of the charter. The resolution became effective immediately upon its adoption by the city council: *Long* v. *City of*

*Portland,* 53 Or. 92 (98 Pac. 149, 1111); *Haines* v. *City of Forest Grove,* 54 Or. 443 (103 Pac. 775).

3. It is insisted by counsel for plaintiff that the designation of the proposed law upon the ballot was insufficient. Section 10 of Ordinance No. 682 provides as follows:

" * * Measures referred to the voters by petition shall be designated 'Referendum Ordered by Petition of the People.' Measures proposed by the initiative petition shall be designated 'Proposed by Initiative Petition.' Charter amendments submitted by the city council without initiative petitions shall be designated 'Charter Amendments Submitted to the Voters by the City Council.'"

This provision was evidently made in order to plainly distinguish measures proposed by initiative petition from others submitted at the same time, where there are two or more measures on the ballot. In the proceedings under consideration, the ballot title furnished the information that the electors were to vote upon an amendment to the city charter, and embodied the main provisions of the act, the purpose and amount of the issue of the bonds, and the names of the members of the commission created. Only one measure appeared upon the ballot; therefore, the reason for the efficacy of the form suggested does not appear. The ballot title was sufficient to inform the voters in such a manner and to such an extent that they could intelligently express their will. Mere irregularities in the form of a ballot or in the ordinance calling the election, that do not tend to prevent a full and free expression of the will of the electors, are immaterial, and will not vitiate the election: *State ex rel.* v. *Hall,* 73 Or. 231 (144 Pac. 475); *Miller* v. *Pennoyer,* 23 Or. 364 (31 Pac. 830, 831); *Bowers* v. *Smith,* 111 Mo. 45 (20 S. W. 101, 33 Am. St.

Rep. 492, 16 L. R. A. 754) ; *Town of Grove* v. *Haskell.*
24 Okl. 707 (104 Pac. 56) ; 5 McQuillin, Municipal Cor-
porations, §§ 2202, 2203; *State ex rel.* v. *Sengstacken,* 61
Or. 455 (122 Pac. 292, Ann. Cas. 1914B, 230).

4. The main jurisdictional requirement of the law
governing the calling of a special election, which cannot
be dispensed with, is the notice of the election, which is
in no way questioned in the proceedings involved. The
measure for the construction of waterworks, is pecu-
liarly a local one, and it is within the authority of a mu-
nicipality to make suitable provisions therefor. The
demurrer to the answer will therefore be overruled.

A careful examination of the record shows that there
was a strict compliance with the law in all material
matters, that a full, fair and free expresison of the
legal voters of Oregon City was obtained, and that the
amendment to the charter was duly adopted, author-
izing the defendants, William Andresen, M. D. Latour-
ette, W. A. Long, B. T. McBain and L. L. Porter to act
as commissioners. The defendants are each therefore
declared to be entitled to the possession and enjoy-
ment of the office mentioned, and to act as the South
Fork water commission of the City of Oregon City, and
authorized to issue bonds for the purpose of procuring
a system of waterworks for such city in a sum not to
exceed $375,000, as provided for in the charter as
amended.

A judgment will be entered accordingly as prayed
for in the defendants' answer.

                              JUDGMENT FOR DEFENDANTS.