Argued at Pendleton October 27; affirmed November 24, 1936

## THOMPSON ET AL. *v.* NELSON ET AL.
### (62 P. (2d) 267)

Department 2.

*George S. Shepherd,* of Portland, for appellants.

*Teunis J. Wyers,* of Hood River, for respondents.

BAILEY, J. This suit was instituted by Jessie H. Thompson and others, owners of property within the corporate limits of the city of Cascade Locks, Oregon,

against Charles H. Nelson as mayor, the aldermen and recorder and the city of Cascade Locks, to enjoin the defendants from issuing any bonds or other obligations of the city or awarding any contract for a water system in any greater sum than $2,500. From a decree in favor of the defendants on the pleadings the plaintiffs appeal.

Prior to October 21, 1935, the city of Cascade Locks, Oregon, was incorporated as a municipal corporation under the general laws of this state governing such incorporation. The exact date of the incorporation does not appear from the pleadings but is stated in appellants' brief as June 11, 1935.

On October 21, 1935, the common council of that city passed an ordinance, the purpose of which as indicated in the title thereof was "to provide for carrying into effect in the city of Cascade Locks, Hood River county, Oregon, the initiative and referendum powers reserved to the people thereof in sections 1 and 1-a of Article IV, and section 2 of Article XI of the constitution of the state of Oregon in so far as the same relates [relate] to general, local, special and municipal elections in said city, for the purpose of adopting a charter or amendment to a charter; and declaring an emergency."

The ordinance provides in detail the manner of exercising such initiative and referendum powers. It further requires that an election on any measure may be initiated by the common council by the adoption of a resolution, and that notice of such election shall be posted not less than seven days prior to the date therefor appointed. This ordinance carried an emergency clause and was signed by the mayor of that city on the date of its passage.

On the same date the city council adopted a resolution calling for a special election on October 31, 1935, which resolution was in accordance with the provisions

of the ordinance, and notice of election was posted October 21, 1935.

The city of Cascade Locks at this time had less than 1,900 residents. At the election of October 31, 307 votes were cast, 240 in favor of and 67 against adoption of the charter. On January 30, 1936, the common council of the city of Cascade Locks, pursuant to the provisions of the charter adopted at the special election referred to, passed a resolution authorizing the borrowing of $34,000 for the purpose of acquiring funds to construct and equip a municipal waterworks system for that city. This suit was not instituted until March 6, 1936.

■ The principal contention of plaintiffs is that the charter which was submitted to and voted for by the electorate of Cascade Locks on October 31, 1935, is void and of no effect because, according to their view, the law required ten days notice to be given concerning any special election, and notice was not given for that length of time. It is further urged by plaintiffs that if the election at which the charter was adopted was ineffectual, then the city is limited to an indebtedness of $2,500.

The plaintiffs direct attention to § 36-204, Oregon Code 1930, which, as far as applicable here, reads as follows:

"The appropriate city or town officer of incorporated cities or towns having a population of more than 2,000 inhabitants, according to the last preceding United States census, shall not less than forty days before any general election and not less than twenty days before any special election, prepare and furnish to each county clerk a statement showing the several city or town offices to be filled in his city or town at such election; . . . It shall be the duty of the county clerk thirty days before any general election, and at least ten days before any special election, to prepare printed notices

of the election and mail two of said notices to each judge and each clerk of election in each precinct . . ."

The special election here involved was not held at the time of any primary or general election held in Hood River county. The section from which the above-quoted excerpt is taken is part of chapter 283, General Laws of Oregon 1919, and was enacted subsequent to the adoption of § 14-a of Article II of the state constitution providing for the holding of regular elections for elective officers in incorporated cities and towns; and it was, as stated by this court in *State ex rel. Stone v. Andresen,* 110 Or. 1 (222 P. 585), passed for the purpose of carrying into effect the provisions of said § 14-a of Article II. In that instance it was held that chapter 283, *supra,* did not apply to a special election of port commissioners. In referring to and quoting from § 1-a of Article IV of the state constitution, the court there observed:

"Under the provisions of this section, cities and towns had unlimited authority to provide the manner and time of holding elections in respect to the adoption of charters or amendments to charters: State ex rel. v. Port of Astoria, 79 Or. 1, 19 (154 P. 399)."

After discussing chapter 283, *supra,* and calling attention to the title and provisions of that act, the court stated:

"We should not lightly presume that the legislature intended to go beyond the constitution and regulate the time and manner in which other elections than those regularly recurring should be held. Presuming a constitutional intent, we should rather hold that the provisions of the statute invoked by relator were inapplicable to the case here presented, than in themselves unconstitutional."

In *Campbell v. City of Eugene,* 116 Or. 264, 283 (240 P. 418), this court with reference to the provisions of

the legislative act relating to initiative and referendum elections, said:

"The constitution of the state, Article IV. § 1-a, and Article XI, § 2, is paramount to the statute and controls the legislative enactments. Sections 4106 and 4109, Or. L., must be construed in connection with the constitution as announced by Mr. Justice Eakin in Long v. Portland, *supra,* [53 Or. 93, (98 P. 324, 98 P. 1111)], where a city, either by its charter or by ordinance, has prescribed its own procedure under Article IV, § 1-a, for the exercise of the initiative and referendum powers, the general provisions of the statute directing such procedure do not apply: Colby v. City of Medford, *supra,* [85 Or. 485 (167 P. 487)]; State ex rel. v. Andresen, 75 Or. 516 (147 P. 526)."

Inasmuch as the city of Cascade Locks has provided "for the manner of exercising the initiative and referendum powers as to" its municipal legislation, such provision is controlling over the general laws which have been called to our attention by the appellants.

█ It is urged by appellants that § 1-a, of Article IV of the constitution limits cities and towns to purely municipal legislation and that since the charter of Cascade Locks provides for a municipal water system which may be constructed partly without the corporate limits of that city the charter itself is not limited exclusively to intra-mural matters. That argument, however, begs the question, for the reason that the attack here is made upon the validity of the election notice. The mere fact, if such be the case, that the charter contains a proposed grant of power to the city council not sanctioned by state law, would not invalidate the election at which the charter was adopted.

Complaint is also made by the appellants that it is not shown that the proposed amendment to the charter was filed with the city clerk for submission sixty days

before the election, as required by § 36-2015, Oregon Code 1930. The pleadings do not show when this proposed charter was filed with that officer, and, moreover, the section to which appellants call attention is not, as shown by *Campbell v. City of Eugene,* supra, applicable where the city has by charter or ordinance prescribed its own procedure.

We find that the circuit court committed no error, and the decree appealed from must be affirmed.

BEAN, BELT and RAND, JJ., concur.