Argued February 27; affirmed April 9; rehearing
denied May 28, 1946

SEUFERT ET AL. *v.* STADELMAN ET AL.

(167 P. (2d) 936)

*C. L. Gavin,* of The Dalles, and *Ralph E. Moody,* of Salem, for appellants.

*Gus J. Solomon,* of Portland (with Donald E. Heisler, of The Dalles, on the brief), for respondents.

HAY, J.

This was a proceeding in mandamus, instituted by the relators, W. J. Seufert, a legal voter of Dalles City, Oregon, and Northern Wasco County People's Utility District, a people's utility district organized under the law of Oregon, against the mayor, councilmen and recorder of Dalles City.

The relator Seufert, with other persons, alleged to have numbered in excess of fifteen per cent of all the legal voters of Dalles City, on July 12 and 13, 1945, tendered to the defendant recorder for filing a petition demanding that there be submitted to the legal voters of Dalles City, for their approval or rejection, at "the" special city election to be held September 18, 1945, a proposed initiative ordinance granting to Northern Wasco County People's Utility District a twenty-year franchise to install and operate within the city's corporate limits facilities for the transmission and distribution of electrical energy for service to the city and its inhabitants. The recorder refused to file the petition.

The petition, requesting mandamus against all of the defendants, was filed July 23, 1945. An alternative writ of mandamus was issued, but against the recorder only.

The recorder demurred to the alternative writ upon the grounds (1) that it did not state facts sufficient to justify the issuance of a writ of mandamus, and (2) that there was a defect of parties defendant. The mayor and councilmen, although the writ did not run against them, appeared and filed a similar demurrer. The circuit court sustained both demurrers and directed the issuance of an amended alternative writ against the recorder, which was done. The recorder demurred to the amended alternative writ upon the same grounds as before, and the mayor and councilmen did likewise. On August 17, 1945, the court sustained the demurrer of the mayor and councilmen, overruled the recorder's demurrer, and ordered that a peremptory writ issue against him. From this order, the recorder, on August 18, 1945, appealed to this court, and on the same day served and filed an undertaking on appeal, executed by himself and by a qualified surety company. On August 20, 1945, the circuit court vacated the order from which the recorder had appealed, recalled the peremptory writ which had issued thereon, and ordered that a peremptory writ issue against all of the defendants. On August 21, 1945, a peremptory writ was issued accordingly, and, on the same day, all of the defendants appealed to this court from the circuit court's order last mentioned. The separate appeals involve substantially the same points, and, by stipulation of the parties, they have been consolidated for hearing.

It is asserted that the court had no jurisdiction, after an appeal had been perfected, to set aside the peremptory writ which had been issued against the recorder.

■ There is inherent in courts a general power, during the term in which a judgment is entered, to modify, set aside or vacate it, no matter how conclusive in

character the judgment may be. *Hudelson v. Sanders-Swafford Co.*, 111 Or. 600, 227 P. 310; *Jackson v. United Railways Co.*, 145 Or. 546, 28 P. (2d) 836. Appellants concede such general power, but insist that, after an appeal has been perfected, it extends no further than to permit the correction of the courts' records so as to make them speak the truth.

■ If the vacation of the peremptory writ against the recorder had deprived him of his right of appeal, that would have been error. *State ex rel. v. Kleckner*, 116 Or. 371, 239 P. 817, 240 P. 1115. It did not do so, however. As a matter of fact, his first appeal is now before us, and, upon both appeals, he has had the opportunity to present, and has presented, all of the legal points and arguments that he could have advanced upon either. The question must be considered as settled against his contentions by *Oregon-Wash. Co. v. School Dist. No. 25*, 89 Or. 7, 173 P. 261.

■ The demurrer upon the ground of defect of parties defendant were not well taken. They failed to indicate in what respect there was such a defect. Defect of parties means that there are too few parties, and the pleader must state who the omitted party or parties may be. *Crawford v. School District No. 7*, 68 Or. 388, 137 P. 217, 50 L. R. A. (N. S.) 147, Ann. Cas. 1915C, 477. This was not done.

■ The defendants, relying upon *State ex rel. v. Williams*, 45 Or. 314, 77 P. 965, 67 L. R. A. 167, contend that the sustaining of their demurrer to the alternative writ left the relators without any pleading whatever, and they insist that, if the relators desired to proceed further, it was incumbent upon them to file an amended petition. The petition for a writ of mandamus is no part of the pleadings in the action, and, upon the issuance of an alternative writ, it becomes *functus officio*.

35 Am. Jur., Mandamus, section 344; *City of Bradenton v. State*, 118 Fla. 838, 160 So. 506, 100 A. L. R. 400; *Crawford v. School District No. 7*, supra. The rule in ordinary actions is that the sustaining of a demurrer to a complaint has the effect of overturning the complaint, and that the plaintiff, if he seeks to proceed further, must file an amended complaint. In mandamus, however, the alternative writ, and not the petition, is regarded as being the complaint. 35 Am. Jur., Mandamus, section 348. While, upon issuance of the alternative writ, the petition became functus officio in the sense that it had performed its office, it did not cease to exist as a part of the record. Assuming that the order sustaining the demurrer to the alternative writ may be regarded as having been vacated, it must be considered that the petition, if otherwise sufficient, might properly serve as a base upon which a new writ might issue. This must be so, as amended alternative writs are often allowed upon demurrers to the originals being sustained, provided no new cause of action is substituted (35 Am. Jur., Mandamus, section 370; *State ex rel. v. Richardson*, 48 Or. 309, 85 P. 225, 8 L. R. A. (N. S.) 362), and such amended writs must necessarily be based upon the petitions.

■ As for the issuance of a peremptory writ against all the defendants, the court, upon proper notice, might have issued such writ in the first instance, the right to require the performance of the desired acts having been clear, and it having been apparent that no valid excuse could have been given for not performing them. 35 Am. Jur., Mandamus, section 380; Anno: 116 A. L. R. 663; section 11-306, O. C. L. A.

■■ Appellants say, however, that the peremptory writ was issued against them without notice, and that such action deprived them of their constitutional rights

under section 10, Art. I, Oregon Constitution, and section 1, XIV Amendment, Constitution of the United States. They were entitled to be given proper notice and every opportunity of defense that they could have had under an alternative writ. 35 Am. Jur., Mandamus, section 380. On August 17, 1945, after the issuance of the peremptory writ against the recorder, the relators moved in open court, all parties being present, for an order directing the issuance of a peremptory writ against all defendants. At the request of counsel for defendants, the question of "whether or not a peremptory writ" would be "granted against the council and the mayor" was continued to the following day. On the following day, immediately prior to resumption of the hearing, the recorder served and filed his notice of appeal and undertaking thereon. Defendants then contended that, by reason of such appeal, the court had lost jurisdiction of the proceedings and had no authority to issue any further order against them. We think that, under those circumstances, the defendants had sufficient notice and opportunity to be heard, and that, in any event, they waived further notice.

■ The court, of course, before ordering a peremptory writ to issue against all the defendants, should have made a formal order vacating its previous order sustaining the demurrer of the mayor and councilmen to the alternative writ, and should have overruled such demurrer. The issuance of the peremptory writ, however, may be considered as having effected what, in orderly procedure, should have been done in more formal fashion. 49 C. J., Pleading, section 561; *Gay v. Pemberton et al.*, (Tex. Civ. App.) 44 S. W. 400.

■ It is suggested that the issuance of a peremptory writ against the mayor and councilmen was improper, because these officers had no function to per-

form until after the initiative petition had been filed by the recorder. The point cannot be sustained. In *State ex rel. v. Williams,* supra (45 Or. 314, 77 P. 965, 67 L. R. A. 167) it was held, on the authority of *Labette County Com'rs v. United States ex rel.,* 112 U. S. 217, 5 S. Ct. 108, 28 L. Ed. 698, that it was proper for the court to issue a single writ of mandamus against all the city officers concerned in the separate but cooperative steps necessary in levying and collecting a tax, such levy and collection being regarded as one entire duty, notwithstanding the fact that the law had divided such duty into a series of acts, to be performed by the several officers, each to perform but one act in the series, but all being required to cooperate in the attainment of the single result. So, in the case at bar, the end sought to be achieved by the relators was the submission of the proposed ordinance to a vote of the people of Dalles City, one entire result, the attainment of which necessitated separate but cooperative official acts to be performed by each of the defendants.

It is contended that there is no inherent power in the people to hold an election, and that such power is vested solely in the legislature. 29 C. J. S., Elections, section 66, p. 90; *Simpson v. Teftler,* 176 Ark. 1093, 5 S. W. (2d) 350. The right of the people to hold an election must be based upon some authority conferred by existing law. 29 C. J. S., Elections, section 66; *Munroe v. Wells,* 83 Md. 505, 35 A. 142; *State ex rel. v. Simon,* 20 Or. 365, 26 P. 170; *State ex rel. v. Kozer,* 115 Or. 638, 239 P. 805; *Kneeland v. Multnomah County,* 139 Or. 356, 10 P. (2d) 342; *State ex rel. v. Hoss,* 143 Or. 383, 22 P. (2d) 883; *Howell v. Bain,* 176 Or. 187, 156 P. (2d) 576. The defendants say that neither the charter nor the ordinances of Dalles City authorize the calling of a special election by the people, and they

insist that, in the absence of such authority, the procedure laid down by the state law in such cases must be followed. Section 95-303, O. C. L. A. Indeed, as they point out, the city charter itself (Art. III, sec. 22) provides that:

"All laws of the state regulating and governing general elections and proceedings and matters incident thereto shall apply and govern elections under this act except as herein otherwise provided."

■ The peremptory writ in the present case required the defendants to submit the proposed ordinance to the voters of Dalles City at an election to be held on September 18, 1945, which was not a regular election day. In so far as a municipality does not provide a complete method of procedure in the holding of municipal initiative elections, the state law controls. *State ex rel. v. Poulsen,* 140 Or. 623, 15 P. (2d) 372; *Equi v. Olcott,* 66 Or. 213, 133 P. 775; *Hill v. Hartzell,* 121 Or. 4, 252 P. 552.

■ The initiative and referendum powers, as to all local, special and municipal legislation, are reserved by the constitution to the legal voters of every city and town. The manner of exercising such powers is prescribed by general laws, (see sections 81-2101, et seq., O. C. L. A.) but cities and towns may provide their own procedure. Art. IV, sec 1a, Oregon Constitution. This has been done by Dalles City, by its Ordinance No. 426. The procedure thus provided is exclusive, and that provided by the state statute is not applicable. *State ex rel. v. Dalles City,* 72 Or. 337, 143 P. 1127, Ann. Cas. 1916B, 855; *Thompson v. Nelson,* 155 Or. 43, 62 P. (2d) 267; *Colby v. City of Medford,* 85 Or. 485, 167 P. 487; *Campbell v. City of Eugene,* 116 Or. 264, 240 P. 418.

There is no merit in the defendants' contention that the ballot title for the ordinance should have been

prepared in advance of the filing of the petition. Section 6 of Ordinance No. 426 provides that the ballot title must be provided by the recorder within five days after he has filed the initiative petition.

Section 11 of Ordinance No. 426 is as follows:

"The Council of Dalles City shall, whenever it deems it advisable, or when required to do so by petition filed under the provisions of this ordinance, call and make necessary provision for the holding of a special election."

The ordinance sets forth a form to be used for initiative petitions, which reads in part as follows:

"We, the undersigned legal voters of Dalles City, in Wasco County, State of Oregon, respectfully demand that the following proposed ordinance shall be submitted to the legal voters of Dalles City for their approval or rejection at the —— City election to be held on the —— day of —— A. D. 19—, * * *"

These are the only provisions of the ordinance applicable to the point in question, and appellants say that they do not, either directly or inferentially, authorize the voters to fix the date of a special election.

In our judgment, it is not mandatory upon the council to call an election for the date mentioned in the petition, if, in its legislative discretion, another date is more suitable. If another date is selected, however, it should approximate the requested date as nearly as may be. Whether or not the council approves of a proposed initiative measure, it has no alternative under the constitution and the city ordinance other than to submit it to a vote of the people at the earliest practicable and convenient date. See *State ex rel. v. Dalles City,* supra. We do not suggest, nor do we believe, that in the case at bar the defendants acted otherwise than in good faith, but it is to be observed that, if an

election upon a proposed initiative measure could be held only upon the date mentioned in the petition, it would always be possible, by resort to delays and obstructive tactics, to defeat the right of the people to vote thereon. To permit such tactics would, of course, be contrary to the spirit and intent of the constitution. Cf. *State ex rel. v. Superior Court,* 70 Wash. 352, 126 P. 920. If a general election is to be held within a reasonable time after the date designated in the petition for the special election, the council should fix the date of the general election as that at which the proposed initiative ordinance should be submitted, (cf. *State ex rel. v. Superior Court,* 59 Wash. 670, 110 P. 622) but otherwise it should either adopt the date suggested by the petition or, as we have indicated above, such other date within a reasonable time thereafter as it considers most suitable.

Defendants suggest that the ordinance requires that the petition should be filed with the recorder before being circulated. On the contrary, section 5 prevents the recorder from filing any initiative petition until a sufficient number of qualified voters have signed it.

■ The acts which the ordinance requires the appellants to perform in the premises are neither permissive nor discretionary, but are such as the law especially enjoins upon them as duties resulting from their respective offices. Their refusal to perform such duties, when properly requested to do so, renders them subject to mandamus. 34 Am. Jur., Mandamus, section 66; *State ex rel. v. Siemens,* 68 Or. 1, 133 P. 1173; *Woodford v. Olcott,* 104 Or. 437, 208 P. 1113.

■ It is contended that the peremptory writ does not disclose the previous performance by relators of all acts required of them and the existence of all necessary facts which are conditions precedent to the granting of

the relief sought. In particular, it is suggested that it does not state how many legal voters there are in Dalles City, and how many such signed the petition, and it is insisted that the allegation that it was signed by in excess of fifteen per cent of such voters is a mere conclusion. The ordinance lays upon the recorder, before filing the petition, the duty of determining the number and genuineness of the signatures of the petitioners and their voting qualifications. We presume that he has done so, and note that he does not even suggest that the petition was signed by less than the required number. The matter was one more peculiarly within his knowledge than that of the petitioners, and, under the circumstances, we are of the opinion that the allegation here attacked was one of ultimate fact rather than of legal conclusion.

No error was committed in overruling the general demurrer to the amended alternative writ.

■ It is suggested that the peremptory writ does not conform strictly to the alternative one. The variance, however, is slight and immaterial, and we deem it insufficient to vitiate the writ. 35 Am. Jur., Mandamus, section 383.

The order or judgment of the circuit court appealed from is, in all respects, affirmed, with costs. In accordance with the principles herein enunciated, the recorder is ordered to proceed immediately to determine the number and qualifications of the persons who signed the initiative petition, and, if he shall determine that the petition is sufficient in such respects, he shall forthwith file the same, and the mayor and councilmen shall thereupon forthwith proceed to fix as early a date for the desired election as may be practicable and convenient and shall call and conduct such election in due course.