Argued January 10, affirmed January 17, 1962

JACOB *v.* CITY OF McMINNVILLE ET AL

368 P. 2d 78

*Donald D. McKown,* Hillsboro, argued the cause for appellant. With him on the brief was Paul M. Reeder.

*Eugene E. Marsh,* McMinnville, argued the cause for respondents. On the brief were Marsh, Marsh, Dashney & Cushing.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

LUSK, J.

On March 31, 1961, there was duly issued by the clerk of the circuit court for Yamhill county an alternative writ of mandamus directed to the defendants, the city of McMinnville, the mayor, and members of the council and recorder of said city. The purpose of the writ was to compel the defendants to call a special election to be held on the third day of April, 1961, for the purpose of voting on a measure initiated by the petitioner and other qualified electors of said city. The writ recites that "said petitions were signed by electors entitled to vote in city elections in said City, and that the total number of said signatures was equal to at least 15 per centum of the entire vote cast at the last preceeding [sic] municipal election for the office of Mayor; and" that "said petitions were duly filed with the City Clerk of said City on the 19th and 26th day [sic] of January, 1961; and that each and all of said petitions were signed by the requisite number of electors of said City". The writ further recites that the city council "have utterly failed and wilfully neglected, and still neglects, to call said election". The writ concludes:

> "THEREFORE, we command you that, immediately after the receipt of this writ, you submit the said proposed Charter Amendment to the legal voters of the said City as requested in the said petitions, at a special election to be called for this purpose, or that you and each of you appear and show cause, if any you have, before this Court, at the courtroom thereof, at the courthouse in the City of McMinnville, County of Yamhill, State of Oregon, on the 6th day of April, 1961, at 9:30

o'clock A.M., of said day, why you and each of you have not done so."

Attached to the writ as exhibit "A" is a copy of the proposed charter amendment, together with a demand addressed to the city recorder that the measure "be submitted to the legal voters of the City of McMinnville for their approval or rejection, at a special election to be held on the 3rd day of April, 1961, or in case a special election shall be held in said city prior to such election, then the same shall be submitted to the legal voters of the said city at such special election * * *."

The defendants demurred to the writ on the ground that it did not state facts sufficient to constitute a cause of action against them. The court sustained the demurrer and entered an order disallowing the alternative writ.

The sole question for decision is whether, under the pertinent provisions of the charter of the city of McMinnville, the initiators of a charter amendment are authorized to require the city council to call a special election for the purpose of voting upon such proposed amendment. The governing provisions of the city charter are sections 48 and 50. Section 48 provides, in substance, that:

"The people of the City of McMinnville may propose by initiative petition any amendment to the charter * * * by filing with the Recorder a copy of such proposed charter amendment * * * together with their initiative petition attached thereto, and the Recorder shall transmit such petition and proposed charter amendment or proposed ordinance to the Council at its next session, and the Council shall at such meeting, (if there be a quorum present, but if at such meeting the Coun-

cil does not have a quorum, then at the next meeting of the Council in which there is a quorum present), either ordain or reject the same, as proposed, and if the Council shall reject said proposed ordinance or amendment, or take no action thereon, then the Recorder shall submit the same to the voters of the City of McMinnville at the next general or special election held in said City after the same was first presented to the Council. The Council may ordain such proposed charter amendment or ordinance and refer it to the people, or it may ordain any proposed ordinance without reference to the people, and in that case it shall be subject to referendum petition in like manner as other ordinances; * * *."

Section 50 prescribes substantially the form of petition for a proposed charter amendment and includes the following:

"To the Hon. ----------------------------------------,
Recorder of the City of McMinnville.

"We, the undersigned citizens and legal voters of the City of McMinnville, in the County of Yamhill, and State of Oregon, respectfully demand that the annexed (proposed charter amendment, measure or ordinance as the case may be) shall be submitted to the legal voters of the City of McMinnville for their approval or rejection at the (regular general election or special election) to be held on the -------------------- day of --------------------, 19------, or in case a special election shall be held in said City prior to such election, then same shall be submitted to the legal voters of said City at such special election and each for himself or herself says:"

The whole argument of the plaintiff appears to be based upon the language of the form of initiative petition suggested by section 50 of the charter. We can find nothing in the suggested form which sup-

ports the plaintiff's position and even if there were, the question would be controlled by the language of section 48 which provides that if the council shall reject the proposed amendment or take no action thereon "then the Recorder shall submit the same to the voters of the City of McMinnville at the next general or special election held in said City after the same was first presented to the Council." There is here no semblance of a grant of authority to the initiators of a charter amendment to select their own date for a special election and compel the council to hold an election on that date.

*Seufert et al v. Stadelman et al,* 178 Or 646, 167 P2d 936, which is relied upon by plaintiff, is not in point because that case was decided under an ordinance of Dalles City which contained this provision:

"The Council of Dalles City shall, whenever it deems it advisable, or when required to do so by petition filed under the provisions of this ordinance, call and make necessary provision for the holding of a special election."

The brief of the defendants concedes that under the charter of the city of McMinnville it is the duty of the recorder to submit the proposed charter amendment to the vote of the people at the next general primary election to be held on May 18, 1962, or at the next special election if the council calls a special election for any purpose prior to May 18, 1962. The council, however, is under no duty to call a special election for the purpose stated.

The demurrer was properly sustained and the judgment is affirmed.