THORNTON, J.,
dissenting.
This appeal presents a classic dilemma in the field of statutory interpretation, namely, how to resolve an *[414] ambiguity involving several statutory provisions which are directly in conflict with each other. Here the dilemma is further complicated by the involvement of county charter and ordinance provisions as well as state statutes dealing with the subject.
Contrary to the majority, I would affirm the decision of the trial court. While I disagree with some of the trial judge’s reasoning in arriving at his decision, nevertheless I am of the opinion that he reached the correct conclusion, namely, that the election in issue must be held on the date set forth in the initiative petition, which is May 23, 1978.
In my view the controlling legislation in this case is § 5 A 1 d of Multnomah County Ordinance No. 57, which expressly provides:
"1. * * * The preliminary petition must state:
«jfc * * * *
"d. The date of the election, which must be the next succeeding state-wide primary or general election, whichever is sooner.”
The majority treats the above language as simply a provision fixing a maximum time within which the election must be held. I cannot agree.
To hold as the majority does that the Board of County Commissioners, acting pursuant to their authority under chapter XI, § 11.50 of the Multnomah County Home Rule Charter, may reschedule the election six months earlier, not only abrogates § 5 A, it violates the rights of all voters in Multnomah County and is repugnant to the fundamental scheme of the right of initiative referendum and recall guaranteed to the citizens of the state by Art IV, § 1, and Art VI, § 10, Oregon Constitution.
I recognize that there is a direct conflict between the provisions of § 5 A and § 11A of Ordinance No. 57, and § 11.50 of the charter. Where I differ with the majority is that I believe that this conflict should be resolved in favor of allowing the broadest possible *[415] exercise by the people of their constitutional right of initiative. Othus v. Kozer, 119 Or 101, 248 P 146 (1926).
As our Supreme Court said in State ex rel. v. Boss, 143 Or 383, 389, 22 P2d 883 (1933), in discussing the right of initiative,
"Election laws should be liberally construed to the end that the people may have the opportunity of expressing opinion concerning matters of vital interest to their welfare. * * *”
Accordingly, in reaching our decision we should in my view take judicial notice of facts showing the practical effect in terms of voter participation of advancing the date of this election. According to the plaintiffs brief:
"* * * There were 256,645 voters in Multnomah County at the last general election which adopted the amendment which the friend of the Court seeks to have repealed. The last special election throughout the County and the State of Oregon was on May 17, 1977. There were only 84,624 ballots cast in Multnomah County at that special election. * * *”
I agree with the majority that the trial judge erred in concluding that ORS 203.720, 203.710(3) and 203.780 were controlling. I also agree with the majority that the county’s legislation superseded state law on the subject. Further I agree with the trial judge and the majority that Seufert et al. v. Stadelman et al., 178 Or 646, 167 P2d 936 (1946), while instructive is not controlling here. As the trial judge in the case at bar pointed out, however,
"* * * the Court in Stadelman, while it held that it was not mandatory for the Council to call the election on the date mentioned in the Petition, the Court went on to say that: 'If another date is selected, however, it should approximate the requested date as nearly as may be.’ Under no stretch of the imagination can it be said that November 8th, 1977, the date selected by the Commission for the election in the instant case approximates the date requested in the Petition, May 23rd, 1978.”
*[416] The crux of my disagreement with the majority is that I cannot accept the majority’s conclusion that the county’s legislation permits the Board of County Commissioners to advance the date of the election some six months notwithstanding the clear mandate of § 5 A of Ordinance No. 57, which states that the election must be "[t]he date of the * * * next succeeding state-wide primary or general election, whichever is sooner.”
Here the people who signed these petitions were informed by the notice on the face of each petition that they were petitioning for an election to be held on May 23, 1978. Presumably all were made aware of this fact. There is no evidence that the persons who signed such petitions would have signed the same for a special election to be held November 8, 1977.
Even apart from the requirement of § 5 A, to allow the election to be moved up to a date some six months earlier represents a breach of faith with the signers of the petition, amounting to, as it were, 'moving the goal posts after the game has gotten under way.’ Further, as the trial judge pointed out, it deprives the opponents as well as the proponents of these charter amendments of a reasonable opportunity to publicize and educate the voters of the county as to the pros and cons of these proposed amendments.
Summarizing, in my view the initiative right of the voters is paramount and the right of the county commissioners to call a special election vote on amendments to the charter under § 11.50 and § 11 A of the ordinance must be construed as being subordinate to the constitutional right of the people under Art IV, § 1, and Art VI, § 10, Oregon Constitution.
A somewhat analogous question was presented to the Attorney General in 12 Op Att’y Gen 622 (Or 1926), involving initiative petitions for a capital punishment state constitutional amendment and calling for a statewide election to be held on the first Tuesday *[417] after the first Monday in November, 1924. The Attorney General ruled that initiative petitions must be signed and filed with reference to a specified election on a specified date and unless those petitions were so filed and the election so held they were of no further effect.
For the above reasons I respectfully dissent.