Decided 13 August, 1900.

## STITES *v.* McGEE.

[ 61 Pac. 1129.]

POWER TO VACATE CONSENT DECREE.

1. After the expiration of the term during which it has been entered, a consent decree cannot be attacked or impeached in any manner except by an original bill.

APPEAL FROM VOID ORDER.

2. Where a court had no power to enter an order it is void and may be appealed from: *Deering* v. *Quivey*, 26 Or. 556, cited.

From Josephine : HIERO K. HANNA, Judge.

This is an appeal from an order opening a consent decree, made on motion and affidavits after the expiration of the term at which it was entered. The facts are fully stated in the opinion.            REVERSED.

For appellants there was a brief and an oral argument by *Messrs. Geo. W. Colvig* and *Davis Brower.*

For respondents there was a brief and an oral argument by *Mr. James R. Neil.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

In August, 1896, W. C. Stites and another, claiming to be the owners by prior appropriation of one hundred and sixty inches of water from Munger Creek, in Josephine County, brought a suit to enjoin Jas. O. McGee and others from interfering with their use thereof. Before an answer had been filed or issue joined, the parties, for the purpose of settling the controversy, stipulated in writing that the plaintiffs are the owners and entitled to the prior use of one hundred and forty inches of the waters of the stream, measured under a six-inch pressure, to be delivered in the channel sixteen and one-half feet below McGee's dam, through a box on a grade of one-fourth inch to the rod, to be constructed and maintained by the defendants, and that a decree be entered accordingly. Thereafter, and on the thirtieth of September, 1896, the respective parties appeared in court by their attorneys, and, "consenting and agreeing" thereto, a decree was duly entered in accordance with the stipulation, which was recorded in full in the journal, and made a part of the decree. At a subsequent term, but within a year after the rendition of the decree, the defendants moved to set it aside and for permission to answer, on the ground that the stipulation was made and their consent to the decree given under a mutual mistake of the parties as to the actual quantity of water flowing in the channel of the creek at the defendant's dam. This motion was allowed, and the plaintiffs appeal.

1. In support of the ruling of the court below it is argued that this case is governed by Section 102 of Hill's Ann. Laws, which provides that the court may "in its

discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." The decree in question, however, was not taken against the defendants through any of the causes enumerated in the statute, but was rendered with their knowledge and by their express consent, and hence does not come within the provisions of the section referred to. True, it is alleged that the stipulation or contract which forms the basis of the decree was entered into through the mutual mistake of the parties, but it is not claimed that there was any mistake or inadvertence about the decree itself. Whether the stipulation expresses the true and actual intent and agreement of the parties is a question which can be determined only in a proper proceeding instituted for that purpose and upon testimony given in the regular way. It is certainly not a proper subject of inquiry on an *ex parte* motion to vacate the decree. Indeed, a consent decree is not, in a strict legal sense, a judicial sentence or judgment of the court, but is in the nature of a solemn contract between the parties. When a decree is made by the consent of the parties, the court does not inquire into the merits or equities of the case. The only questions to be determined by it are whether the parties are capable of binding themselves by consent, and have actually done so. These two facts appearing, the court orders a decree to be entered, and when thus entered, showing on its face that it is by consent, it is absolutely conclusive upon the consenting parties. It cannot be amended or varied in any way without the consent of all the parties affected by it; nor can it be reheard, vacated, or set aside by the court rendering it, especially after the expiration of the term; nor can it be appealed from or reviewed upon a writ of

error.   The only way it can be attacked or impeached after the expiration of the term, whatever the rule may be during the term, is by an original bill, on the ground of fraud or mutual mistake : 5 Enc. Pl. & Prac. 960 ; Gibson, Suits in Ch. § 558 ; 2 Beach, Mod. Eq. Prac. § 853b ; 2 Daniel, Ch. Prac. (6 Am. Ed.) *974 ; *Stump* v. *Long*, 84 N. C. 616 ; *Elder* v. *National Bank of Lawrence*, 12 Kan. 242 ; *Thompson* v. *Maxwell*, 95 U. S. 391, 24 L. Ed. 481 ; *Manion* v. *Fahy*, 11 W. Va. 482 ; *Morris' Adm'r* v. *Peyton's Adm'r*, 29 W. Va. 201 (11 S. E. 954); *Attorney-General* v. *Tomline*, 7 Ch. Div. 388.

2.    The court below, therefore, had no power or authority to set aside or vacate the decree on motion after the expiration of the term, and its order attempting to do so is consequently void and reviewable on appeal : *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710).   The decree of the court below is reversed.                       REVERSED.