Respondent's motion to dismiss appeal allowed October 3, petition
for rehearing denied October 15, petition for review
denied by Supreme Court December 16, 1969

LEE, *Appellant, v.* LEE, *Respondent.*

459 P2d 442

Ray G. Brown, Portland, for the motion.

Leo Levenson, Portland, contra.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

LANGTRY, J.

Plaintiff Jason D. Lee has appealed from a divorce decree entered July 17, 1969. Defendant's motion to dismiss the appeal raises the procedural issues discussed and decided herein.

On June 12, 1968, the plaintiff, who is a practicing lawyer in Marion County, Oregon, filed a complaint for divorce against his wife in Lincoln County. On August 21, 1968, venue was changed to Marion County. On October 7, 1968, defendant filed her answer and cross-complaint to which the plaintiff filed his reply on October 30, 1968, and concurrently he made application for trial. On March 18, 1969, an order in the file shows that a petition for conciliation (ORS 107.550) was filed, that jurisdiction was taken for conciliation with the notation that the jurisdiction of the conciliation division would conclude on May 1, 1969. This was the only conciliation petition filed. On May 12, 1969, an order was entered showing "Reconciliation Refused," "Jurisdiction Ends: May 1, 1969." On May 15, 1969, an order showed, "Petition reopened from May 12, 1969 and extended to June 26, 1969. (45 days)." This order also shows "Jurisdiction Ends: May 1, 1969." On June 30, 1969, an order was entered showing "Reconciliation Refused" and "Jurisdiction Ends: June 26, 1969 Extended 45 days."

While this divorce case was pending in Marion County, the defendant wife had pending in Washington County an alienation of affections action against the plaintiff's mother, Myrtle Lee. It came on for trial before Circuit Judge Musick in that county on May 27, 1969. The plaintiff and defendant in this divorce proceeding were both present, represented by counsel. Mr. Estep, who was one of counsel of record for plaintiff in the divorce proceeding was not present. After discussion an agreement was made by all interested parties to dispose of the money and property questions involved in both cases. At this point Judge Musick made a telephone call to the Chief Justice of the Oregon Supreme Court, informing him that if he, Judge Musick, were assigned to try the divorce case the entire litigation could be concluded. The Chief Justice made an order that day assigning Judge Musick to hear this divorce case. Judge Musick that day proceeded to hear this case in Washington County. The complete agreement as to money and property was recited into the record by Mr. Lee's attorney, John Gordon Gearin. Following this recitation the following occurred:

"MR. BROWN [Mrs. Dorothy Lee's attorney]: Those are the provisions of the property settlement agreement as I understand it and I would assume Your Honor would like an expression from me and from the defendant, Mrs. Lee in the divorce case that the property settlement as dictated is satisfactory and we would like the same expression from Jason Lee.

"THE COURT: All right.
"I will ask the plaintiff if this property settlement stipulation is satisfactory to the plaintiff.

"MR. LEE: I didn't hear all of what Mr. Brown said at the last.

"THE COURT: I am asking you, personally, if this property settlement is satisfactory to you.

"MR. LEE: The property settlement agreement is satisfactory to the plaintiff, Your Honor.

"THE COURT: Mrs. Lee, is the property settlement agreement just read into the record satisfactory to you?

"MRS. LEE: Yes, it is.

"THE COURT: All right. Then at this time, I will hear the testimony on the cross-complaint.

"MR. LEE: May I make this remark. In addition, it is my understanding along with the defendant releasing Myrtle Lee of all claims, likewise, she releases me of all claims whatsoever, so this is the end of our litigation.

"MR. BROWN: Well, the property settlement agreement is in satisfaction of all things between each other and I would make this statement, however, that it is on the basis that full disclosure has been made.

"MR. LEE: Yes, sir.

"THE COURT: Is it my understanding the plaintiff has withdrawn his complaint for divorce?

"MR. LEE: Yes, sir.

"THE COURT: All right, proceed."

The defendant wife then proceeded to put on her case for a divorce and at the conclusion of it the court stated:

"THE COURT: All right. It will be the order of the Court that the defendant will be awarded a decree of divorce on her cross-complaint and the plaintiff's complaint will be dismissed, and that the defendant will be awarded the care, custody and control of Jason Davis Lee, and that the property settlement agreement heretofore entered into is hereby approved and made a part of the decree."

The decree thus made was complete in itself. *Rigdon v. Rigdon,* 219 Or 271, 347 P2d 43 (1959). It was reduced to writing and at a further hearing on July 15, 1969, the plaintiff with his attorney, Mr. Estep, objected to the court signing it, generally upon the grounds that Mr. Lee entered into the agreement on May 27, 1969, through mistake, inadvertence, and excusable neglect. ORS 18.160. The court rejected Mr. Lee's objections and signed the formal decree. The appeal was taken from the decree and refusal of the trial court to relieve him from it.

It is conceded that as a general rule a party may not appeal from a stipulated decree. Mr. Lee contends (1) that inasmuch as conciliation jurisdiction had been taken until June 26, 1969, Judge Musick could not acquire jurisdiction to proceed with the divorce suit on May 27, 1969, and (2) that Judge Musick's assignment by the Chief Justice was to the 3rd Judicial District, Marion County, and that he could not acquire jurisdiction to actually hear the case in the 20th Judicial District, Washington County.

■ The conciliation division of the Marion County Domestic Relations Court did not have exclusive jurisdiction after May 1, 1969. The statute providing for conciliation jurisdiction states:

"* * * [N]o trial or hearing on the merits of a domestic relations suit between the parties shall be had until after the expiration of 45 days from the filing of the petition * * *." ORS 107.560.

Nothing in the statute states that the conciliation court may continue its jurisdiction beyond 45 days. Indeed, the order of May 15, 1969, if it purported to extend jurisdiction, which is open to question, is

contradictory. In one place it states that jurisdiction terminated on May 1, 1969, and in another that "Petition reopened from May 12, 1969 and extended to June 26, 1969." We find no authority in the statute for the court to have extended its jurisdiction under the same petition for more than the original 45 days if there was any such intention in this case.

Proceeding to the second contention, we do not think that the order assigning Judge Musick to Marion County to hear this case could confer authority upon him to try the case forthwith in Washington County without the records in the case before him. ORS 1.080, 1.230 and 1.260, concerning the place where court may be held, are not clear in their application to the instant case. ORS 3.070 provides:

> "* * * [H]e [a circuit judge] may try and determine *any issue* in equity or in law where a jury has been waived, hear and decide motions, demurrers and other like matters, in chambers, *at any place within the state* where he may happen to be, *relating to any judicial business coming before him in any judicial district in which he has presided in such matters.* He may exercise these powers as fully and effectively as though the motions, demurrers, matters or issues were granted, ordered, decided, heard and determined in open court in the county where they may be pending * * *." (Emphasis supplied.)

Judge Musick had not previously presided in this divorce case in Marion County.

■ When Dorothy Lee and Jason Lee in open court agreed to the stipulation relating to their property and money rights and agreed to and did proceed with full knowledge and disclosure of their respective positions, we hold that each waived his right to have the case initially heard in Marion County. Parties may

not by consent confer jurisdiction on a court which does not have jurisdiction. However, Judge Musick had jurisdiction. The problem was in the place of the hearing. Mr. Lee is an attorney. He had the advice of counsel. He was aware that Judge Musick had been assigned to Marion County for the trial of the case and he agreed that Judge Musick should go ahead with the trial as he did in Washington County by actively participating, without objection.

The decree entered pursuant to the proceeding was stipulated, and as said in *Twitchell v. Risley*, 56 Or 226, 107 P 459 (1910):

"* * * The purpose of an appeal is to bring up for review an erroneous action of the trial court; but the trial court performs no judicial act when an order, decree, or judgment is entered by consent. No appeal can be taken by either party from such decision, since the error, if any, is his own, and not the court's." 56 Or at 228.

We have considered plaintiff's request to present oral argument. The issues were fully briefed, and the court concludes that no object would be served by waiving this court's rule which provides that all motions must be submitted without oral argument.

The motion to dismiss the appeal is allowed.