Argued January 8, reversed with instructions April 15, 1970

WESTFALL, *Appellant, v.* WILSON ET AL,
*Respondents.*

467 P. 2d 966

*Brian W. O'Brien,* Portland, argued the cause and filed a brief for appellant.

No appearance for respondents.

Before MCALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

DENECKE, J.

The only question is the power of the trial court to change the provisions of a consent decree of foreclosure over the objection of one of the parties.

The plaintiff and his assignees owned a restaurant business, including the equipment and fixtures. Plaintiff was the lessee of the premises upon which the business was operated. Plaintiff sold the business to the defendants upon an installment contract. The defendants were assigned the lease and assumed the obligation of paying the rent due under the lease; however, plaintiff was still obligated to the landlord for the rent.

Plaintiff brought a suit for foreclosure alleging that defendants had defaulted in paying the rent and in failing to pay $500 of the $35,000 purchase price. When the case came to trial, with all parties being represented by counsel, the parties agreed to a decree which was denominated "Stipulated Judgment Order." The judgment, or, as it more properly should have been termed, decree, provided that the defendants were foreclosed of all interest in the business and its property; the assignment of lease was rescinded; and defendants were to pay plaintiff $500 plus an attorney fee.

The decree further provided that execution of the decree was to be stayed 60 days upon the condition that the landlord be paid the past-due rents and those accruing during the 60-day period. The decree recited that the purpose of the 60-day stay was to enable the

defendants to find a buyer for the business who would be acceptable to the landlord so that the landlord would release plaintiff from his obligation under the lease.

Finally, the decree provided that if defendants would pay the rent as due and obtain the release within the 60 days, then plaintiff would waive all claims to the property by reason of the decree or the sales contract, the lease, or the lease assignments, provided further that defendants would pay plaintiff $500 damages plus the attorney fee.

On the third day after the expiration of the initial stay, the defendants moved for a stay of execution for another 30 days. Over plaintiff's objection, a stay of 15 days was granted. The order recited that the stay was to allow defendants to complete the sale and get a release for plaintiff from the landlord.

On the last day of the second stay, plaintiff filed a notice for application of writ of assistance to get possession of the premises. The next day, defendants filed a motion for an additional stay. A hearing was held on both matters and defendants were granted an additional eight days to obtain a release for plaintiff and pay the landlord the balance of the rent due for the remainder of the lease. This same order further provided "that the terms and conditions set forth having been complied with; IT IS FURTHER ORDERED AND DECREED that F. G. Westfall * * * [is] released * * * and the Clerk of the Circuit Court of Multnomah County exonerate, return, and disperse the $3,000.00 cash * * * $1,500.00 payable to Glen Westfall [for the $500 and attorney fee]."

Plaintiff assigns as error the last order as well as the order of August 21 staying the execution an additional 15 days.

The general rule is as stated by the annotator at 139 ALR 422 (1942):

"\* \* \* [T]hat an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding."

■ This is also the general rule in Oregon. *Rader v. Barr*, 22 Or 495, 29 P 889 (1892), and *Schmidt v. Oregon Mining Co.*, 28 Or 9, 22-33, 40 P 406, 1014, 52 Am St Rep 759 (1895), held that the parties could not appeal from a consent decree. In the later case Mr. Justice WOLVERTON stated for the court:

"\* \* \* But a consent decree is not in a strict legal sense a 'judicial sentence.' 'It is,' says Mr. Gibson in his excellent treatise entitled Suits in Chancery, § 558, 'in the nature of a solemn contract, and is, in effect, an admission by the parties that the decree is a just determination of the rights upon the real facts of the case, had such been proved. As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent.'" 28 Or at 28.

In *Stites v. McGee*, 37 Or 574, 61 P 1129 (1900), the ground for the decision was that a consent decree could not be amended after the term. The court, however, used approximately the same language as Mr. Justice WOLVERTON quoted above, particularly: "It [a consent decree] cannot be amended or varied in any

way without the consent of all the parties affected by it; nor can it be reheard, vacated, or set aside by the court rendering it, especially after the expiration of the term." 37 Or at 576.

■ A court of equity sitting in a foreclosure suit has some discretion. However, when the parties have contracted, as expressed by the terms of a consent decree, that the foreclosure decree shall be executed unless certain conditions are met within a definite time, and if those conditions are not met within the time limit, the court of equity has no discretion to further stay execution.

Reversed with instructions to proceed in accordance with the "Stipulated Judgment Order," dated June 26, 1968.