Argued December 14, 1970, affirmed March 25, 1971

In the Matter of the Estate of George J. Stangier,
Deceased.

DEPARTMENT OF REVENUE et al, *Respondents,*
*v.* FIRST NATIONAL BANK OF OREGON et al,
*Appellants.*
482 P2d 750

*Gene Conklin*, Pendleton, argued the cause for appellants. With him on the briefs were Cramer, Gronso & Pinkerton, Burns.

*Richard A. Uffelman*, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Foley* and Fort, Judges.

FORT, J.

The decedent died testate on February 13, 1967. Two days later his will was filed for probate. On

---

* Foley, J., did not participate in this decision.

August 11, 1967, decedent's heirs filed a petition contesting the will's validity, which terminated in a stipulated settlement. On November 30, 1967, the court entered a decree which provided:

1. "\* \* \* [T]he Court makes no finding as to the validity or invalidity of the Will \* \* \*."

2. "That the stipulated settlement of the parties is hereby approved by the Court."

On December 13, 1968, pursuant to ORS 118.670 and 118.690 (now repealed), the court entered an order and notice of determination of inheritance tax in the amount of $6,759.27. Thereafter, the Department of Revenue filed an objection to that determination, contending that the inheritance tax must be computed according to the distribution in the will and not according to the settlement agreement of the parties.

On November 28, 1969, the trial court entered an order sustaining the objection of the Department of Revenue and directed the executor to submit an order redetermining the inheritance tax computed in conformance with the distribution provisions in the will. On December 18, 1969, the circuit court entered an Amended Order and Notice of Determination of Tax in the amount of $12,235.62. Subsequently, on December 24, 1969, the executor and the trustee filed notice of appeal from that order and the order of November 28. On January 21, 1970, the parties to that appeal, who were the executor and the trustee (appellants) and the Department of Revenue (respondents), entered into and filed a stipulation to dismiss the appeal, which provided:

"(1) The appeal shall be dismissed and the decree dated November 28, 1969 affirmed.

"(2) The appellants withdraw their objection to

that certain amended order made and entered by the trial court on December 18, 1969.

"(3) * * * [T]he Department shall retain the sum of $12,235.62, as computed in the amended order made and entered December 18, 1969, in full payment of the tax due from the estate * * *.

"* * * * * *."

On the same date, the court accordingly, pursuant to ORS 19.108 (2), entered an order dismissing the appeal. On February 13, 1970, the Department of Revenue, pursuant to ORS 118.700 (now ORS 118.180), filed an Objection to Amended Order and Notice of Determination of Tax of December 18, 1969, on the ground that said amended order contained a clerical error in tax computation resulting in an understatement of tax in excess of $5,000.

After a hearing at which testimony was taken, the court, on March 27, 1970, entered an order sustaining that objection and further decreed that the order made and entered December 18, 1969, be amended to show a true tax liability of $18,000.40, and also that the stipulation approved by the court on January 21, 1970, and the order entered on the same date, "be set aside to the extent that either is inconsistent herewith." On April 23, 1970, the executor and the trustee filed their notice of appeal from the order determining the tax to be $18,000.40.

Appellants raise three assignments of error. They contend first that the court erred in amending the Amended Order and Notice of Determination of Tax dated December 18, 1969. They next contend that the court erred in setting aside the January 21, 1970, stipulation and Amended Order and Notice of De-

termination of Tax "to the extent that either is inconsistent herewith." We consider these together.

The court's order of November 28, 1969, directed that the tax be computed pursuant to the dispositive provisions of the will, and thus, in effect, not according to the settlement agreement of the heirs. If this order had been accurately complied with, an inheritance tax of $18,000.40 instead of $12,235.62 would have been assessed. This is conceded by the parties.

We note, too, that it is agreed by the parties first that the amount of money set forth as the tax to be paid to the state under the December 18 order was not computed in conformity with the court's order of November 28, and second, that at the time the December 18 order was submitted to the court, the judge was not advised of this.

Lastly, it is conceded that counsel for appellants, as well as the trust officer of the First National Bank, knew at the time the stipulation of January 21, 1970, and the order based thereon dismissing the appeal, were signed and filed, that the amount of tax stated was not computed in the manner the court had ordered on November 28, and that in fact it understated the tax by approximately $6,000, had it been computed correctly in accordance therewith.

It should be noted that neither appellants nor their counsel made the erroneous computation, and that the error was solely that of respondents, who prepared the order determining the tax and whose counsel joined in the stipulation setting the amount due the state at the erroneous figure of $12,235.62.

Appellants contend the trial court could neither modify nor set aside either its first order of December

18 or its second order of January 21 because each was entered pursuant to a written stipulation of the parties.

Reliance is placed on *Stites v. McGee*, 37 Or 574, 61 P 1129 (1900), and *Westfall v. Wilson*, 255 Or 428, 467 P2d 966 (1970).

In *Westfall v. Wilson*, supra, the court said:

"The general rule is as stated by the annotator at 139 ALR 422 (1942):

" ' * * * [T]hat an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding.' " 255 Or at 431.

Appellants contend that here there was no fraud, mutual mistake or actual absence of consent and thus the court was without power to enter its order of March 27, 1970, declaring the tax due to be $18,000.40.

■ We disagree. An order determining the tax due in an estate is not analogous to a consent decree entered pursuant to the stipulation of the parties in private litigation. It is simply a declaration of tax due determined by the court pursuant to statute directing it to do so.

ORS 118.670 (now repealed), which governs this case, provided:

"(1) From the appraiser's report mentioned in ORS 118.650, and other proof relating to any such estate before the court, *the court shall* forthwith, as of course, *determine* the full and true value of

all such estates and *the amount of the tax* to which the same are liable; \* \* \*

"\* \* \* \* \*." (Italics supplied.)

ORS 118.100 (1) declares:

"The rates of tax on all estates shall be as follows:

"\* \* \* \* \*"

■ No discretion is vested in the court by those statutes. It can only determine the tax due in conformity with them. Certainly it cannot determine that an amount is due which has been incorrectly computed by application of an unauthorized rate or upon a sum incorrectly totaled up. An executor or administrator is not only a fiduciary, he derives his authority pursuant to the order of the court, and although the position is not considered to be a public office, he is considered to be an officer of the court. *Larrabee v. Tracy*, 21 Cal2d 645, 134 P2d 265 (1943); *Lichtenfels v. North Carolina National Bank*, 260 NC 146, 132 SE2d 360, 1 ALR3d 897 (1963).

Merely to suggest that an officer of the court complies with his duty to it when he submits to it, even pursuant to a stipulation of the parties, any document for its signature which to his knowledge or that of his counsel does not comply with the prior order of that court concerning its preparation and content, without fully revealing to the court that it does not so comply, is to demonstrate its fallacy.

There is an absolute duty on the part of both counsel and executor, administrator or trustee to make full disclosure to the court under such circumstances.

A court of general jurisdiction has the inherent

power to modify or set aside its own decree within the same term of court or a reasonable time after the term has expired.

In *Seufert v. Stadelman*, 178 Or 646, 650-51, 167 P2d 936 (1946), the court said:

"There is inherent in courts a general power, during the term in which a judgment is entered, to modify, set aside or vacate it, no matter how conclusive in character the judgment may be. *Hudelson v. Sanders-Swafford Co.*, 111 Or. 600, 227 P. 310; *Jackson v. United Railways Co.*, 145 Or. 546, 28 P. (2d) 836. * * *" See also, *Dugger v. Lauless*, 216 Or 188, 196, 338 P2d 660 (1959).

We think the court here had the inherent power, and indeed the duty, to correct its admittedly erroneous order determining the tax and to declare the correct amount thereof, here conceded by the parties to be $18,000.40 when computed in accordance with the court's order of November 28, 1969.

The appellants' final contention is that their stipulation of January 21, 1970, requesting and consenting to the dismissal of their appeal filed December 24, 1969, from the order of November 28, 1969, was based upon the stipulation of the respondents that the estate had to pay only the sum of $12,235.62 to discharge its tax liability. Accordingly, they contend that despite the entry of the order of January 21, 1970, dismissing the appeal, this court should in effect reinstate that earlier appeal and determine whether the trial court, by its order of November 28, correctly decided that the tax should be computed as though the property passed pursuant to the will, rather than pursuant to the stipulation among the heirs which terminated the will contest.

■ We disagree. We point out that appellants knew when they stipulated to the dismissal of their appeal from the order of November 28 that the sum of $12,235.62 determined as the tax due in the December 18 order was not computed in accordance with the order of November 28, and that the correct amount computed in accordance with that order was nearly $6,000 more. They concede that they did not call this to the court's attention at that time.

In effect, appellants are asking that the order of January 21 dismissing their own appeal of December 24, entered at their own request and pursuant to their own stipulation, should now be set aside. They point to no "fraud, mutual mistake, or actual absence of consent," to employ the rule of *Westfall v. Wilson*, supra, relied upon by them in support of their first two assignments of error, which would allow the setting aside of the order dismissing that appeal. We can find none.

The judgment is affirmed.