Argued July 19, affirmed September 21, 1971

SMITH, *Respondent, v.* ONE SUPER WILD CAT
CONSOLE MACHINE, 1232, 973P ᴇᴛ ᴀʟ,
*Defendants,* SCHROTH, *Appellant.*

488 P2d 847

*Leo Levenson,* Portland, argued the cause and filed the brief for appellant.

*Raoul P. Smith,* District Attorney, Pendleton, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant, owner of 11 coin-operated "free play" amusement machines, appeals from an order setting aside a previous dismissal order entered by consent of the parties in proceedings by plaintiff, District Attorney for Umatilla County, to declare defendant's amusement machines public nuisances and forfeited.

The sole issue on appeal is: Did the trial judge have authority to set aside a previous but virtually contemporaneous order entered by stipulation of both parties dismissing the forfeiture action with prejudice?

As already mentioned, plaintiff filed an action to forfeit the machines, alleging that they had been used by certain tavern owners and others as gambling devices. Defendant filed a demurrer to the complaint, which was sustained. Plaintiff refused to file an amended complaint. Instead he filed a new proceeding seeking the same relief. Defendant then filed a plea in abatement to the second proceeding because the first case was still pending. When the second proceeding came on for hearing, plaintiff conceded the merit of the plea in abatement and stipulated and consented to the dismissal of the first proceeding with prejudice. Thereupon defendant requested and was granted leave to file a supplemental answer in the second proceeding in which he alleged the dismissal

with prejudice and the refusal to file an amended complaint in the first proceeding was a bar and res judicata to the second proceeding.

Plaintiff claimed that there had been a misunderstanding between defendant's counsel and himself in arriving at the above stipulation, namely, that he had consented to the dismissal with prejudice only with the verbal agreement that a full-scale trial on the merits would follow in the second proceeding. Defendant denied any agreement to permit a trial on the merits.

Plaintiff, when confronted with the plea in bar in the second proceeding, immediately moved to have the consent order dismissing the first proceeding set aside. The court, after hearing both parties, entered the order which is now before this court. However the court required plaintiff to take a voluntary nonsuit in case No. 2.

On appeal defendant urges that the trial court has no authority to set aside, over defendant's objection, a judgment or decree entered by consent where the parties were capable of binding themselves, even though it was done through mistake, citing, among other cases, *Westfall v. Wilson,* 255 Or 428, 467 P2d 966 (1970); *Stites v. McGee,* 37 Or 574, 61 P 1129 (1900); *Deering v. Quivey,* 26 Or 556, 38 P 710 (1895); and *Lee v. Lee,* 1 Or App 115, 459 P2d 442 (1969).

This same contention was before us in *Dept. of Revenue v. First Nat. Bank of Oregon,* 5 Or App 65, 69-70, 482 P2d 750 (1971), where the appellant also relied on *Westfall v. Wilson* and *Stites v. McGee,* both supra, as authority.

As we stated in *Dept. of Revenue:*

"A court of general jurisdiction has the inherent

power to modify or set aside its own decree within the same term of court or a reasonable time after the term has expired.

"In *Seufert v. Stadelman,* 178 Or 646, 650-51, 167 P2d 936 (1946), the court said:

> " 'There is inherent in courts a general power, during the term in which a judgment is entered, to modify, set aside or vacate it, no matter how conclusive in character the judgment may be. [Citing cases.]' * * *

"We think the court here had the inherent power, and indeed the duty, to correct its admittedly erroneous order determining the tax and to declare the correct amount thereof, here conceded by the parties to be $18,000.40 when computed in accordance with the court's order of November 28, 1969." 5 Or App at 71-72.

■ It is true, as pointed out by defendant in oral argument, that the determination of an inheritance tax due is a different matter than the forfeiture of amusement machines allegedly used for gambling involved here. However, we believe that the principle applicable, namely, the inherent power of a court of general jurisdiction to modify, set aside or vacate its judgments at the same term of court, is the same.

■ Unlike in *Westfall v. Wilson* and *Stites v. McGee,* supra, in the instant case there was no "solemn contract between the parties." Here there was an oral stipulation on the day before trial, but a subsequent disagreement as to what had been stipulated.

Further, unlike *Stites, Deering* and *Lee,* the order setting aside the judgment here was made at the same term of court as the consent judgment was entered.

*Lee* did not deal with the power of a trial court to set aside a consent decree at the same term but

rather with the right to appeal where the trial court refused to set aside a consent decree entered two months earlier in a previous term.

The trial court, in setting aside its former order, required plaintiff to take a voluntary nonsuit in the second case before reinstating the first case. No prejudice to defendant resulted by placing both parties in *status quo ante*. He will receive his day in court. All of his defenses are still available to him.

The trial judge did not abuse his discretion in exercising his inherent power to set aside his previous order dismissing the first proceeding and entering judgment for defendant.

Affirmed.