Argued and submitted October 19, 1983, reversed and remanded with instructions January 25, 1984

In the Matter of the Marriage of

WRONA,
*Respondent,*
*and*
WRONA,
*Appellant.*

(81-8-73; CA A26452)

674 P2d 1213

Galen L. Bland, Portland, argued the cause for appellant. With him on the brief was Frederick T. Smith, P.C., Portland.

Rodney C. Adams, Beaverton, argued the cause for respondent. With him on the brief was Thompson, Adams & Debast, Beaverton.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this dissolution case, wife appeals the denial of her motion for a contested hearing on the division of the marital property. Before trial, the parties entered into a stipulated property settlement agreement, which was orally approved by the court. Under that agreement, wife would retain the family home and would immediately be required to pay husband $27,500. Wife claims that, in making the property settlement agreement, she relied on her brother's promise that he would loan the money to her.

The day after the hearing, wife claims, her brother reneged on his agreement to provide her with the money. She thereafter promptly requested a hearing on the property division. Before any judgment was entered, a hearing was held, which included wife's testimony concerning her financial condition, her brother's unwillingness to make the loan and her claimed misunderstanding of the property settlement agreement. The trial judge issued a letter opinion refusing to allow a contested hearing on the matter. In that letter, referring to wife's wish to set aside the agreement and go to trial, he stated:

> "I know of no rule of law that allows her to do this. Therefore, I have to affirm the settlement and I am this day signing the Decree * * *."

On appeal, wife contends that the trial court erroneously considered itself powerless to review the fairness of the proposed property settlement agreement or to allow a contested hearing on the matter after the court's oral approval, but before entry of the judgment. Husband argues that a property settlement agreement, once entered into by the parties and orally approved, cannot be changed by the judge or appealed.

■ The general rule is that a statement from the bench does not constitute a judgment until reduced to an order, decree or judgment. *Rowe v. Rowe,* 76 Or 491, 149 P 533 (1915).

> "A judge may change his [or her] mind half a dozen times after announcing [the] decision and take additional testimony * * * which may throw a new light on the problem, * * * and, until a formal judgment or decree is finally entered of record, the case remains in the bosom of the court * * *." *Barone v. Barone,* 207 Or 26, 30, 294 P2d 609 (1956).

Husband argues that a property settlement agreement is different. He argues that it is the same as a consent decree, and that, under *Lee v. Lee,* 1 Or App 115, 459 P2d 442 (1969), the court is bound by the agreement and no appeal can be taken by any party from such a decision. *See also Twitchell v. Risley,* 56 Or 226, 228, 107 P 459 (1910).

In *Schoren v. Schoren,* 110 Or 272, 214 P 885, 222 P 1096 (1924), cited by husband, the Supreme Court affirmed a divorce decree, because the defendant had attempted to appeal from a property settlement agreement stipulated to in open court. The court held that there can be no appeal from a consent decree. At first blush, it appears that that case controls the instant situation. However, the facts in that case are quite different. The trial judge there reviewed the property settlement agreement and then concluded that it was fair and approved it. The agreement was then read into the record, and both parties immediately divided the property and made the payments required by the agreement. The husband asked the judge to reconsider the settlement before signing the decree. After reviewing the circumstances occurring both before and after the agreement was read into the record, the court concluded that the division of property was fair and denied a hearing. He then signed and entered the decree, which incorporated the property settlement agreement.

In the present case, the parties entered into the agreement and it was read into the record in open court and was orally approved. However, unlike the parties in *Schoren,* who immediately followed the agreement and divided the property and made payments in accordance with their agreement, the next day wife asked the judge to reconsider the fairness of the agreement in the light of the fact that she was unable to obtain the loan she required to "cash out" husband's interest in the house. The judge in this case did not think he had the authority to reconsider the fairness of the property settlement and so did not consider the facts urged by wife in her request for a contested hearing. The judge in *Schoren did* review the agreement in the light of the new facts and *did* exercise his authority to approve it or not. It was only after he considered all of the surrounding circumstances that he denied a hearing and incorporated the agreement into the decree.

■ ■    A court is not required to accept a property settlement agreement between the parties. It may, on consideration, reject an agreement as unfair to one or the other of the parties. *McDonnal and McDonnal,* 293 Or 772, 652 P2d 1247 (1982). The role of the trial judge in a dissolution case is to ensure the fairness of the property division. If, after the parties have reached an agreement on a property settlement, the judge does not agree that it is fair, he may disregard it, or treat it as evidence, and order a contested hearing at any time until the judgment has been signed by the judge and entered. *Barone v. Barone, supra.*

Because the judge in this case incorrectly believed that, after his oral approval of the agreement, he had no authority to review the property division set out in the parties' agreement, or to order a contested hearing on the matter, we reverse and remand.[1]

Reversed and remanded for proceedings not inconsistent with this opinion.[2] Costs to wife.

---

[1] Because we reverse and remand on wife's first assignment of error, we do not consider her remaining assignments.

[2] Husband moved to dismiss the appeal, and we denied the motion with leave to renew the motion in briefs. We again deny it.