In the Matter of the Marriage of

Kathleen Suzanne ASBURY,
*Respondent,*

*and*

John Cameron ASBURY,
*Appellant.*

(91-0202; CA A81816)

877 P2d 1213

Gary E. Norman argued the cause for appellant. With him on the brief was Scott and Norman, P.C.

Patrick Hadlock argued the cause and filed the brief for respondent. With him on the brief were Larry W. Stuber and Ringo & Stuber, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

Husband appeals from a dissolution judgment. He argues that wife refused to comply with a settlement agreement. On *de novo* review, we affirm.

Wife filed a petition for dissolution. The parties negotiated a property settlement under which husband agreed to pay wife $15,000. Husband paid her $5,000 and told wife that he intended to pay the balance as soon as possible. Later, wife told husband that the settlement was no longer acceptable, because he had taken too long to comply with its terms, and that the parties would have to proceed to trial. At a pretrial conference, husband tendered the balance of the money owed to wife under the agreement, but she refused to accept it.

At trial, husband argued that the court should enter a judgment consistent with the terms of the settlement agreement. The trial court declined to do so. Husband assigns error to the judgment, contending that the trial court should have specifically enforced the agreement.

Even if there was a settlement agreement, it would not be binding on the trial court. *Wrona and Wrona,* 66 Or App 690, 694, 674 P2d 1213 (1984); *see also* ORS 107.105(f). Similarly, it is not binding on us on *de novo* review. ORS 19.125(3). Assuming that there was an agreement, the trial court's disposition was equitable and we decline to disturb it.[1]

Affirmed. Costs to wife.

---

[1] The judgment credited husband for money paid to wife before trial.